**Rory D. NITCHER, Respondent,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS AND HUMAN RESOURCES, and Jerome Weiler, Appellants.**

**No. WD 42210.**

Missouri Court of Appeals, Western District.

March 13, 1990.

---

William L. Webster, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for appellants.

Rory D. Nitcher, Jefferson City, pro se.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

This appeal is from a judgment entered on behalf of respondent Rory D. Nitcher, an inmate in the custody of appellant, Missouri Department of Corrections and Human Resources, in the sum of $36.00, the purpose of which judgment was to return to respondent the sum deducted by the state from respondent's inmate account. Appellants contend the judgment was in error in that the deduction from respondent's account is authorized by statute. We agree and therefore reverse the judgment.

The facts of the case are not in dispute. In connection with respondent's conviction for a criminal offense, judgment was entered against him for $36.00 due the State of Missouri, allocated to the Crime Victims' Compensation Fund. Section 595.045.1, RSMo 1986.[1] That judgment has remained unsatisfied. During the period from September 28, 1984 to August 11, 1987, the department of corrections maintained an inmate account for Nitcher into which were deposited funds from various sources and from which withdrawals were made, primarily for canteen purchases. On November 7, 1986, the state deducted $15.00 from

---

1. Section 595.045 was amended in 1988 to provide, among other changes, for assessment of court costs and an increase in the judgment against defendants convicted of certain crimes.

Section 595.045.7 in the former law and Section 595.045.11 in the current law with respect to withholding of inmate funds remain essentially the same.

Nitcher's account for payment on the crime fund judgment and on December 9, 1986, an additional deduction of $21.00 was made for the same purpose.

Nitcher instituted this suit in 1987 after the account deductions were made contending that the regulations and statutes under which the appellants purported to act did not authorize the deductions to be made from his inmate account. Respondent and appellants filed cross-motions for summary judgment. The court entered no findings of fact or conclusions of law but entered judgment for respondent in the amount of $36.00 and interest from December 9, 1986, the date of the last account deduction.

There is no dispute in this case that a valid judgment existed in favor of the state and against Nitcher for payment to the Crime Victims' Compensation Fund. The sole question is whether the statutes authorized enforcement of payment on the judgment by a charge against funds an inmate may accumulate in an account the state administers for use by inmates in making personal expenditures during the term of incarceration.

Two statutes in force during the relevant time period bear on the issue. Under § 217.255, RSMo 1986,[2] which provides for compensation to be paid inmates for work or education, the department is authorized to pay sums into the crime victims' fund from compensation the inmate may earn. Section 595.045.7 contains broader language as follows: "When judgment is entered against a defendant in the sum of thirty-six dollars as provided in this section and such sum, or any part thereof, remains unpaid, there shall be withheld from any disbursement, payment, benefit, compensation, salary, or other transfer of money from the state of Missouri to such defendant an amount equal to the unpaid amount of such judgment." The amount is then payable to the victims' compensation fund.

It appears to have been respondent's principal argument that the funds in his inmate account were derived from deposits made on respondent's behalf by family members and that such funds were his property, although in the custody and control of the state. Those monies were therefore not compensation paid him, from which deductions could be made under § 217.255, nor were they money paid by disbursement or transfer from the state of Missouri, as referred to in § 595.045. Presumably, it was upon this ground that the trial court ordered thirty-six dollars restored to respondent.

A review of respondent's inmate account record, supplied by the state as an exhibit to its summary judgment motion, shows that deposits to respondent's account were derived from a variety of sources. Among those sources were wages paid to respondent by the state. In total, that compensation has amounted to very substantially more than $36.00. There can be no doubt that § 217.255 allows the state to appropriate such compensation to satisfy the judgment against an inmate for payment to the victims' compensation fund. For this reason, the trial court erred when it entered judgment ordering the repayment to respondent of the sums deducted.

It is unnecessary for purposes of this opinion to consider whether other sums in the custody and control of the state as administrator of an inmate's property under § 217.200 may be appropriated summarily to satisfy a judgment for victims' compensation. Certainly, the execution process is available to achieve the same result with additional costs potentially chargeable to the inmate. The state's custody of the funds should obviate any problems attendant upon recourse to that collection vehicle.

The judgment is reversed and the cause is remanded with instruction that judgment be entered for appellants and against respondent.

All concur.

---

**2.** Except as otherwise noted, all statutory references are to RSMo 1986.